IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANDREA D. W.,

    **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No.  20-cv-523-JFH-SH

## OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Susan Huntsman ("Magistrate Judge") on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying a request for disability benefits by Plaintiff Andrea D. W. ("Plaintiff"). Dkt. No. 24. The Magistrate Judge recommends that the Court reverse the Commissioner's denial of Plaintiff's application for benefits and remand for further proceedings. *Id*. For the reasons set forth below, the Court agrees, overrules the Commissioner's objection [Dkt. No. 25], adopts the Magistrate Judge's Report and Recommendation [Dkt. No. 24], reverses the Commissioner's denial of benefits, and remands for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability and disability insurance benefits, alleging disability beginning on August 13, 2018. Dkt. No. 14-2 at 15. Plaintiff's claim was denied initially on December 11, 2018, and again upon reconsideration on February 19, 2019. *Id*. At the request of Plaintiff, a hearing was held in Tulsa, Oklahoma on December 10, 2019 before Administrative Law Judge Christopher Hunt ("ALJ"). *Id*. By written decision issued January 3, 2020, the ALJ

found that Plaintiff was not disabled. Dkt. No. 14-2 at 15-24. The Appeals Council denied Plaintiff's request for review on August 11, 2020. *Id*. at 1-6. Plaintiff timely filed this appeal on October 14, 2020. Dkt. No. 2.

The Magistrate Judge issued her Report and Recommendation ("Report") on February 9, 2022, recommending that the Commissioner's decision be reversed, and that the matter be remanded for further proceedings. Dkt. No. 24. The Magistrate Judge found that the ALJ committed reversable error by wholly failing to consider the Third-Party Function Reports submitted by Peggy H., Plaintiff's mother. Dkt. No. 24 at 6. Defendant Kilolo Kijakazi, Acting as Commissioner of Social Security ("Commissioner"), timely filed her objection to the Magistrate Judge's Report on February 23, 2022, requiring review by this Court. Dkt. No.25.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). It is more than a scintilla, but less than a preponderance. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

**DISCUSSION**

The Commissioner's objection to the Magistrate Judge's Report [Dkt. No. 24] is two-part. First, the Commissioner argues that Plaintiff waived the issue of the ALJ's failure to consider the Third-Party Function Reports submitted by Peggy H., Plaintiff's mother ("Ms. H.'s Reports"), because Plaintiff did not properly raise that issue in her Opening Brief [Dkt. No. 19]. Dkt. No. 25. Next, the Commissioner argues that even if the issue was not waived, the ALJ's failure to consider Ms. H.'s Reports constitutes harmless error and does not require reversal. *Id*. The Court will address each of these arguments in turn.

**I.      Waiver of Issues Before the Magistrate Judge**

First, the Commissioner argues that Plaintiff did not sufficiently raise the issue of the ALJ's failure to consider Ms. H.'s Reports and, therefore, any argument regarding this issue was waived. Dkt. No. 25 at 2. The Commissioner states that she did not consider Plaintiff's reference to Ms. H.'s Reports within her symptom evaluation argument "to be a separate, developed argument." *Id*. While the Commissioner concedes that Plaintiff raised the issue of whether the ALJ properly considered a "*Function Report*," the Commissioner argues that it is unclear that Plaintiff was specifically referring to Ms. H.'s Reports. *Id*. This Court disagrees.

The Tenth Circuit has held that "waiver principles developed in other litigation contexts are equally applicable to social security cases. Thus, waiver may result from the disability claimant's failure to [ ] raise issues before the magistrate judge . . . ." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (internal citations omitted). As the Magistrate Judge pointed out, while Plaintiff listed three (3) allegations of error in her Opening Brief, these allegations contained six (6) different legal and factual challenges to the ALJ's decision. Dkt. No. 24 at 5. Of issue here is Plaintiff's challenge to the ALJ's review of the record. Specifically, Plaintiff argues that the ALJ

engaged in a selective and incomplete review of the record as evidenced by the ALJ's failure to consider Ms. H.'s Reports. *Id*. Plaintiff states:

> *Her mother also filled out several consistent reports. Her mother wrote* Claimant does not bathe every day and needs reminders. When she is manic, she becomes angry and argumentative. She only counts change with help. Her medications make her tired. She has trouble understanding and following instructions, and she is slow at any tasks. *The ALJ erroneously failed to mention this supportive, consistent Function Report*. Thus, it appears he failed to consider all the evidence as required.

Dkt. No. 19 at 13 (emphasis added) (internal citations omitted). There is no doubt that Plaintiff is raising the issue of the ALJ's failure to consider Ms. H.'s Reports here. Any claim by the Commissioner that she is unsure whether the "*Function Report*" in this context refers to Ms. H.'s Reports is disingenuous. The Court rejects the Commissioner's waiver argument.

    II.    **ALJ's Failure to Consider Ms. H.'s Reports**

Next, the Commissioner argues that even if the issue was not waived, the ALJ's failure to consider Ms. H.'s Reports was harmless error and does not require reversal. Dkt. No. 25. In support of this argument, the Commissioner states that "the absence of ALJ discussion about a lay witness statement [is] harmless error where the same evidence cited by the ALJ in discounting the claimant's allegations also discredited the lay witness statement." Dkt. No. 25 at 4. In other words, the Commissioner argues that because the ALJ discredited Plaintiff's testimony, and Ms. H.'s Reports were consistent with Plaintiff's testimony, Ms. H.'s Reports can be summarily discredited. This Court disagrees.

In support of its argument of harmless error, the Commissioner cites to *Best-Willie v. Covin*, 514 F. App'x 728, 736 (10th Cir. 2013) (unpublished). *Best-Willie* is not binding authority, and the Court is not particularly persuaded by its holding. The *Best-Willie* case relies upon an Eighth Circuit case which held that an ALJ's failure to expressly address lay witness testimony is

4

harmless error when "the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims." 514 F. App'x at 736 (citing *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)). However, the Eighth Circuit subsequently held that the *Buckner* rule does not apply to cases in which the omission of lay witness testimony is "coupled with other errors or uncertainties in the opinion." *Nowling v. Colvin*, 813 F.3d 1110, 1121 (8th Cir. 2016) (internal citations omitted). In this case, there is uncertainty regarding Plaintiff's ability to function in a work setting. Particularly, there is uncertainty regarding Plaintiff's issues with absenteeism, need for frequent breaks, ability to stay on task with work assignments, and ability to get along with coworkers. Dkt. No. 14-2 at 17-24, 32-49, 70-71. Lay witness testimony would certainly be probative in evaluating Plaintiff's ability to function in a work-setting on a consistent basis and could alter the ALJ's Residual Functional Capacity analysis by giving more context or support to Plaintiff's testimony and other evidence in the record. Therefore, the uncertainties in the record render application of the *Buckner* rule, as cited by the Tenth Circuit, inapposite to the present case.

Additionally, a finding of harmless error here would require the Court to make a finding that Ms. H.'s Reports are cumulative of Plaintiff's testimony. There are two main issues with this. First, as the Commissioner concedes, Ms. H.'s Reports are not exactly cumulative. Dkt. No. 25 at 6 ("[t]he Magistrate Judge does identify some differences between Ms. H.'s reports and Plaintiff's reports . . . ."). While there is overlap between Plaintiff's testimony and Ms. H.'s Reports, they are not identical, and are therefore distinguishable from the caselaw the Commissioner cites. *Id.* at 4-5 (citing *Best-Willie*, 514 F. App'x 728). Second, imputing a finding that Ms. H.'s Reports are cumulative of Plaintiff's testimony, especially where there is uncertainty regarding Plaintiff's ability to function in a work-setting, would be an impermissible post hac rationalization for the

ALJ's decision. *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) ("judicial review is limited to the reasons stated in the ALJ's decision"); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (the court "may not create or adopt post hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").  Because the ALJ does not reference Ms. H.'s Reports at all, it is not apparent from the ALJ's decision whether he disregarded Ms. H.'s Reports as cumulative, as the Commissioner suggests, or because the ALJ truly did not consider them.  Any ruling by this Court making such a determination would be in error.

For these reasons, the Court does not find this case to be the type of case in which the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).  Because the ALJ failed to address the relevant lay witness testimony in his findings regarding the severity of Plaintiff's impairments and her functional limitations, the ALJ's decision must be reversed and remanded to the ALJ for further proceedings consistent with this opinion.  *Blea v. Barnhart*, 466 F.3d 903, 913 (10th Cir. 2006) ("[W]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand.").

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Objection filed by Defendant Kilolo Kijakazi, Acting as Commissioner of Social Security, [Dkt. No. 25] is **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 24], **REVERSES** the Commissioner's denial of benefits, and **REMANDS** for further proceedings.

DATED this 28th day of March 2022.

                                                JOHN F. HEIL, III
                                                UNITED STATES DISTRICT JUDGE